## R. D. Schultz Company v. Kalata

Before O'Connell, P. J., Sculco and Weiss, JJ.

*Ned J. Nakles* and *David W. Cook*, for plaintiff.
*Edward B. Doran, Jr.*, for defendant.

WEISS, J., January 21, 1964.—This case is before the court on plaintiff's preliminary objections to defendant's petition to open judgment.

Plaintiff entered judgment against defendant at April term, 1963, no. 856, in Allegheny County, and had a writ of execution issued from the prothonotary's office of Allegheny County directing the sheriff of Westmoreland County to levy on property of defendant situate in Westmoreland County. Defendant filed a petition to stay execution in the prothonotary's office of Westmoreland County, and had execution January term, 1963, no. 142, assigned to his pleading. By agreement of counsel, the court appointed a commissioner to take testimony and make findings of fact and a recommendation to the court.

The principal issue in this case is whether or not the Westmoreland County courts have jurisdiction to entertain a petition to open judgment since the writ of execution was issued in Allegheny County pursuant to Pennsylvania Rule of Civil Procedure 3103(a).

Defendant argues that the Act of March 27, 1945, P. L. 83, sec. 2, 12 PS §914, has never been suspended by the rules of civil procedure, and, hence, that he is entitled to bring a petition to open judgment either in Allegheny County, where the judgment was originally entered, or Westmoreland County, where the writ of execution was served and levy made. Plaintiff argues that when a writ of execution is issued pursuant to Pa. R. C. P. 3103(a) and is sent to the sheriff of another county pursuant to subsection (b) of said rule, the courts of the transferee county do not have jurisdiction to hear a petition to open judgment because rule 3122 limits the transferee county courts to matters

pertaining to stay of the writ, interpleader and other proceedings relating to the levy.

We will not pass upon the merits of either the preliminary objections or the petition to open judgment at this point, because of a defect in the record. An examination of the docket entries in the office of the prothonotary of Westmoreland County discloses that the writ of execution issued from the prothonotary of Allegheny County has never been indexed as required by subsection (b) of rule 3104 of the Pennsylvania Rules of Civil Procedure. The original writ not being available to this court for examination precludes us from finding that the failure to have said writ indexed is due to inadvertence in the office of the prothonotary of Westmoreland County, error on the part of the sheriff of Westmoreland County, or whether said failure resulted from instructions given to the sheriff of Westmoreland County by plaintiff .

Plaintiff issued the writ in Allegheny County under Pa. R. C. P. 3103(a), which reads: "Execution shall be commenced by filling a praecipe for a writ of execution with the prothonotary of any county in which judgment has been entered" and had it served on the Westmoreland County sheriff pursuant to Rule 3103 (b), which reads:

"A writ issued by the prothonotary of the county in which judgment was entered originally or by transfer or certification from another court in the same county may be directed to the sheriff of any county within the Commonwealth."

However, in order to perfect the lien, he is required to comply with Pa. R. C. P. 3104(b), which reads:

"When a writ is received by the sheriff of another county, it shall be his duty to deliver it to the prothonotary of his county who shall thereupon index it and return it to the sheriff for execution. *Such indexing shall have the same effect as the indexing of a judgment*

*against the defendant*. If the plaintiff so directs, the sheriff may levy or attach under the writ before he delivers it to the prothonotary for indexing." (Italics supplied.)

The Procedural Rules Committee inserted a notation under this "Indexing" Rule, referring to the Judgment Lien Law of July 3, 1947, P. L. 1234, sec. 7, in order to clarify the intent of this rule.

The Act of March 27, 1945, P. L. 83, sec. 2, 12 PS §914, has not been suspended by the Pennsylvania Rule of Civil Procedure. This act provides: "Whenever a judgment is confessed or entered in any court of common pleas on any instrument in writing set forth in section one of this act, and a testatum writ of fieri facias is directed to the sheriff of any other county than that of the court in which it is confessed or entered, the plaintiff shall enter his appearance in the prothonotary's office of such other county, whose sheriff is directed to issue execution thereon, giving an address within that county where all papers may be served on him. When the defendant has a defense to such judgment he may file his petition to open the same either in the court where the judgment is originally entered or in the court of the county whose sheriff is directed to issue execution thereon."

We are therefore of the opinion that subsection (b) of Rule 3104 is the procedural implementation of the Act of 1945. Had the writ in the instant case been indexed in the office of the prothonotary of Westmoreland County, there would be no question as to this court's having jurisdiction to pass on the petition to open judgment. Rule 3122 could not reduce the powers of this court simply because it refers specifically to proceedings to stay the execution, interpleader and other proceedings relating to the levy. A full discourse as to the meaning of Rule 3122 is not necessary for a disposition of the pending case. Suffice it to say that plain-

tiff's reasoning would seem to place a premium on non-compliance with all of the pertinent rules (3104(b)), a position which we do not consider tenable.

In view of the foregoing, the appointment of the commissioner in the instant case was premature. Therefore, we enter the folowing

*Order*

And now, to wit, January 21, 1964, after due and careful consideration, it is ordered, adjudged and decreed that plaintiff is allowed 10 days from the date of filing of this opinion to have properly indexed in the prothonotary's office of Westmoreland County the writ of execution issued at April term, 1963, no. 856, Allegheny County, pursuant to subsection (b) of Pa. R. C. P. 3104, or suffer a setting aside of the levy made pursuant to said writ, and it is further ordered that defendant shall present anew his petition to open judgment within 10 days from the indexing of said writ of execution by plaintiff; and it is further ordered that the order appointing Orlando N. Prosperi, Esq., commissioner, should be and the same is hereby vacated.